ALVAREZ, DEMANDANTE Y APELANTE, *v.* RIERA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre nulidad de escritura de disolución de sociedad y otros extremos.

No. 1014.—Resuelto en abril 24, 1914.

CONTRATOS NULOS Y ANULABLES—COMPRA POR EL MANDATARIO DE BIENES DEL MANDANTE—RATIFICACIÓN DE CONTRATOS.—Un contrato por el cual el mandatario compra bienes de su mandante de cuya administración o enajenación estuviere encargado, infringiendo así el artículo 1362 del Código Civil, si reune los requisitos de consentimiento, objeto y causa, previstos en el artículo 1228 del mismo código, no tiene el carácter de inexistente, sino que es anulable y puede ser ratificado.

ID.—PRESCRIPCIÓN DE LA ACCIÓN DE NULIDAD—DISOLUCIÓN DE SOCIEDAD MERCANTIL—COMPRA POR EL MANDATARIO DE DERECHOS Y ACCIONES EN UNA SOCIEDAD DEL MANDANTE.—La prescripción de cuatro años que establece el artículo 1268 del Código Civil para las acciones de nulidad de contratos, es aplicable a una cesión de derechos y acciones en una sociedad mercantil hecha a su favor por un socio como apoderado de otro socio, con infracción del artículo 1362 del Código Civil, y expirado dicho término sin que se haya pedido la nulidad de dicho contrato, queda éste convalidado por la prescripción.

ID.—CESIÓN POR EL MANDATARIO DE LOS DERECHOS Y ACCIONES EN UNA SOCIEDAD
DEL MANDANTE—FALTA DE CAUSA DE ACCIÓN—RATIFICACIÓN DE LA CESIÓN.—
No puede alegarse con éxito contra una demanda en la cual se pide la nulidad
de una escritura de disolución de sociedad mercantil y cesión de derechos y
acciones, hecha por un socio a nombre propio y como mandatario del otro
socio, la excepción de falta de causa de acción fundada en que dicha cesión
quedó ratificada por el hecho de haber recibido el mandante el precio de
dicha cesión, cuando de la demanda no consta que él tuviera conocimiento de
que su mandatario y socio había adquirido para sí los derechos y acciones
que él tenía en la sociedad.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Jacinto Texidor* y *Francisco Socorro.*

Abogados del apelado: *Sres. Bosch* y *Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El objeto de la demanda a que se refiere este pleito, la que fué radicada en 19 de agosto de 1912, es que se declare la nulidad de una escritura pública de quince de mayo de mil novecientos dos por la cual el demandado José Dimas Riera por su propio derecho y además como apoderado del demandante disolvió la sociedad mercantil "Riera y Compañía," retrotrajo la liquidación a un balance practicado en 28 de febrero del mismo año y como apoderado del demandante se hizo cesión de los derechos y acciones que a su poderdante le correspondían por capital y beneficios en la sociedad Riera y Compañía mediante la cantidad que en el documento se especifica y que confesó recibida por su poderdante, la que no entregó hasta enero de 1904.

Formulada contra ella por el demandado la excepción previa de que la acción de nulidad que se ejercita ha prescrito de acuerdo con los artículos 1301 del Código Civil español, equivalente al 1268 del Código Civil Revisado, fué sostenida por el Tribunal de Distrito de San Juan, Sección 1ª., que conocía del pleito y que dictó sentencia desestimando la demanda con las costas a cargo del demandante, el que ha interpuesto contra ella el presente recurso de apelación.

Aun cuando por haber sido otorgado en 15 de mayo de

1902 el contrato cuya nulidad se pretende son aplicables los preceptos del Código Civil español según la regla primera transitoria del Código Civil Revisado, *Busó et al.,* v. *Busó et al.,* 18 D. P. R., 901, sin embargo, como los preceptos de ambos son iguales en cuanto a la materia en discusión en este recurso, las citas que hagamos se referirán al código actual.

El error que se alega por el apelante contra la sentencia recurrida es que aplica indebidamente el artículo 1268 preceptivo de que la acción de nulidad de los contratos sólo durará cuatro años, porque no se trata en este caso de un contrato anulable, sino inexistente por falta de consentimiento por haber sido celebrado en contravención al mandato expreso de la ley que prohibe que el mandatario compre bienes de cuya administración o enajenación estuviere encargado, por lo que carece de los requisitos esenciales para la existencia de la obligación.

En el caso de *Ledesma et al.* v. *Agrait et al.,* 19 D. P. R., 566, al tratar la cuestión de si el contrato por el cual el apoderado compra bienes de su mandante contra la prohibición de la ley era meramente anulable y podía por tanto ser ratificado o confirmado, después de considerarla extensamente llegamos a la conclusión de que la ley no establece división alguna entre contratos nulos y meramente anulables y que aquel contrato, igual al que ahora se discute, reunía todos los requisitos del artículo 1228, esto es, consentimiento, objeto y causa, aun cuando fué otorgado con infracción del artículo 1362. En otras palabras, que esos contratos tienen existencia, aunque son anulables por haber sido otorgados contra lo dispuesto en la ley, pudiendo ser ratificados.

Siendo, pues, un contrato anulable era necesario que el demandante ejercitase la acción de nulidad, pues según dijo el Tribunal Supremo de España en su sentencia de 11 de abril de 1894 ''todo contrato otorgado contra precepto expreso de una ley prohibitiva engendra la acción necesaria para esta-

blecer la virtualidad de la prohibición infringida.'' Sin embargo, como aparece de la demanda que entre la fecha del otorgamiento de la escritura cuya nulidad se interesa y la en que la demanda fué presentada han transcurrido con exceso los cuatro años concedidos por la ley para el ejercicio de tal acción, es manifiesto que había prescrito esa acción de acuerdo con el artículo 1268, por lo que no podemos declarar que el tribunal inferior cometiera error al dictar por ese fundamento sentencia favorable al demandado.

Aun cuando también sostiene el apelado que no hay causa de acción en la demanda porque de ella aparece que fué confirmado por el demandante el contrato cuya nulidad pretende, por haber recibido en 1904 el importe de lo que le correspondió en el balance por su capital y beneficios, como de la demanda no aparece que supiera que su mandatario había adquirido los bienes que a él correspondían, no podemos declarar la existencia de ese fundamento de excepción.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.